David R. Welch, Esq. (SBN 251693)
Seungjai Oh, Esq. (SBN 333996)
**ENSO LAW, L.L.P.**
500 S. Grand Ave., 18th Fl.
Los Angeles, CA 90071
Tel: (213) 314-0028
Email: litigation@enso.law
Attorneys for Plaintiff THE HOLDING COMPANY LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE HOLDING COMPANY LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC WEST DISTRIBUTORS, a California nonprofit corporation; and STEPHEN SCOTT BROWN, an individual; HERBAL SOLUTIONS, LLC, a California limited liability company dba Jokes Up Ice Kream; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case Number:<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT** (POW! COPYRIGHT) (17 U.S.C. §§ 501, *ET SEQ.*)<br><br>**(2) COPYRIGHT INFRINGEMENT** (SAVAGE PATCH! COPYRIGHT) (17 U.S.C. §§ 501, *ET SEQ.*)<br><br>**(3) COPYRIGHT INFRINGEMENT** (WHAM! COPYRIGHT) (17 U.S.C. §§ 501, *ET SEQ.*)<br><br>**(4) COPYRIGHT INFRINGEMENT** (WHOA! COPYRIGHT) (17 U.S.C. §§ 501, *ET SEQ.*)<br><br>**(5) COPYRIGHT INFRINGEMENT** (GOON BERRIES! COPYRIGHT) (17 U.S.C. §§ 501, *ET SEQ.*)<br><br>**(6) COPYRIGHT INFRINGEMENT** (THREAT !!! COPYRIGHT) (17 U.S.C. §§ 501, *ET SEQ.*)<br><br>**(7) TRADEMARK INFRINGEMENT** (WHAM! TRADEMARK) (CA BUS. & PROF. CODE §§14245 and 14320)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Holding Company LLC ("Plaintiff" or "THC"), through its undersigned counsel, hereby brings this action against Defendants Pacific West Distributors, Herbal Solutions, LLC, and Stephen Scott Brown (collectively, "Defendants") for infringing upon Plaintiff's intellectual properties.

## NATURE OF THIS ACTION

1. This action stems from Defendants' intentional infringement of Plaintiff's trademarks and copyrights, and their subsequent unauthorized use to sell cannabis in the state-licensed California market.

2. Over the past three years, Plaintiff developed intellectual properties to promote a lifestyle brand. This brand gained traction with young consumers, mostly under the age of 30, specifically in relation to urban music and the hemp/cannabis industry. To this end, Plaintiff registered its intellectual properties with both the United States Copyright Office and California Secretary of State for a California trademark.

3. Due to the overwhelming reception from its customers, Plaintiff entertained the idea of licensing Plaintiff's copyrights and trademarks to legal hemp, tobacco, and cannabis companies. It was during this time that Plaintiff discovered that Defendants were selling cannabis products using Plaintiff's copyrights and trademarks without Plaintiff's knowledge or permission. Accordingly, Plaintiff sent two cease-and-desist letters to Defendants and their affiliates as good faith efforts to avoid litigation. Plaintiff received no response whatsoever, and the Defendants' copyright and trademarks infringements continue unabated.

4. Plaintiff now brings this action to stop Defendants' infringement of its copyrights and trademarks.

///

///

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act (17 U.S.C. §§ 101, *et seq*.).

6. This Court has original jurisdiction of this action under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1338(a). The Court has supplemental jurisdiction over the remaining claims under 29 U.S.C. 8 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because: (1) at least one of the Defendants reside within this district and all Defendants reside in California; and/or (2) a substantial part of the copyright infringements occurred within this district. Venue is proper in this district pursuant to 28 U.S.C. § 1400 because each Defendant resides within this district.

## PARTIES

8. Plaintiff is a California limited liability company with its principal place of business located at 633 W. 5th St., Los Angeles, CA 90071.

9. Defendant Pacific West Distributors ("PWD") is a California nonprofit corporation with its principal place of business located at 2711 N. Sepulveda Blvd., Ste. 270, Manhattan Beach, CA 90266. Upon information and belief, at all relevant times, Defendant PWD distributed cannabis products using Plaintiff's copyrights and trademarks (without authorization) for sale at marijuana dispensaries, including Defendants' own cannabis dispensary owned by Herbal Solutions, LLC.

10. Defendant Herbal Solutions, LLC ("HS") is a California limited liability company with its principal place of business located at 11376 Ventura Blvd., Studio City, California 91604, mailing address of 2711 N. Sepulveda Blvd., Ste. 270, Manhattan Beach, CA 90266, and goes by the tradename "Jokes Up Ice Kream." Upon information and belief, at all relevant times, Defendant HS operated a cannabis dispensary and sold cannabis products using Plaintiff's copyrights and trademarks (without authorization).

11. Upon information and belief, Defendant Stephen Scott Brown ("Scotty") is a resident of Manhattan Beach, California. Upon information and belief, at all relevant times, Defendant Scotty was the owner, director, officer, manager, and operator of both Defendants PWD and HS ("Corporate Defendants") when Defendants collaboratively sold cannabis products using Plaintiff's copyrights and trademarks (without authorization).

12. Upon information and belief, there is a unity of ownership and interest amongst Defendants Scotty, PWD, and HS such that each Defendant is an alter-ego of one other. Upon information and belief, Defendants are operating as a single business under the tradename "Jokes Up Ice Kream." Because Corporate Defendants were acting at the direction of Defendant Scotty, and his conduct ultimately resulted in Defendants' unified and collaborative sale of cannabis products using Plaintiff's copyrights and trademarks (without authorization), —it is appropriate to pierce Defendants' corporate veils.

13. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or otherwise of Defendants named herein as DOES 1 through 10, inclusive, and Plaintiff therefore sues these Defendants by their fictitious names. Plaintiff will amend this complaint to state the true names and capacities of each fictitiously named defendant when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the DOE Defendants is responsible in some manner for the copyright infringement herein alleged.

14. Plaintiff is informed and believes, and on that basis alleges, that at all times material hereto, Defendants were and now are either the agents or principals of each of the other Defendants, and of each other, or were and now are either the owners, interest holders, or co-obligees of the other Defendants, and in such capacity

or capacities, participated in the acts and conduct alleged herein, or claim some right, title, or interest in the stores operated by the other Defendants.

## GENERAL ALLEGATIONS

15. Over the past three years, Plaintiff has made substantial investments in the development and marketing of its lifestyle brands, which have become recognizable with younger consumers. The widespread popularity and dedicated following of the Plaintiff's brands are evidenced by the consistent sell-out of its clothing merchandise with its trademarked brands and copyrighted designs.

16. Defendants collaboratively operate a cannabis business under the tradename "Jokes Up Ice Kream," ostensibly focused on the sale of cannabis products primarily in California.

17. Plaintiff and Defendants engaged in discussions about where Plaintiff would license its copyrights and trademarks to the Defendants. Despite these discussions, the parties were unable to reach a formal agreement.

18. Sometime after this discussion, Plaintiff learned that Defendants were selling cannabis products using Plaintiff's copyrighted material and trademarks, despite not having received any permission or authorization from Plaintiff.

19. On May 17, 2023, through its counsel, Plaintiff sent a cease-and-desist letter to Defendants. This letter informed the Defendants of their unauthorized and ongoing infringing use and demanded an immediate stop to such infringing use. A true and correct copy of this cease-and-desist is attached hereto as **Exhibit 1**. Defendants did not respond to this letter.

20. Instead of complying with the cease-and-desist request, Defendants ramped up their infringing activities. Defendants continued to sell cannabis products using Plaintiff's copyrighted material and trademarks and in addition began asserting ownership of the Plaintiff's intellectual property. In response to the increased

infringing use, the Plaintiff sent a second cease-and-desist letter on June 9, 2023, hereto attached as **Exhibit 2**. Like the first, Defendants failed to respond to the second cease-and-desist letter.

21. Despite two separate cease-and-desist letters, Defendants continue to sell cannabis products that unlawfully use Plaintiff's copyrighted material and trademarks. This ongoing infringement is deliberate and calculated, aiming to unjustly capitalize on Plaintiff's brand, reputation, and goodwill that Plaintiff has developed through years of dedicated promotion, strategic marketing, and significant financial investments.

22. As a result, Plaintiff seeks all appropriate equitable and legal relief, including but not limited to preliminary and permanent injunctive relief, monetary recovery, legal costs, and attorney's fees.

## FIRST CAUSE OF ACTION
Copyright Infringement – 17 U.S.C. §§ 501, *et seq*.
**(POW Copyright)**
(Direct, Contributory, Vicarious)
(Against All Defendants)

23. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

24. Plaintiff is the sole and rightful owner of the 2-D artwork and copyright registration, effective as early as May 1, 2023, United States Copyright Registration No. VA 2-350-434 ("**POW Copyright**"). A true and correct copy of the POW Copyright registration and image is attached hereto as **Exhibits 3-A and 3-B**.

25. Without Plaintiff's knowledge, permission, or authorization, Defendants sold cannabis products using the POW Copyright. A true and correct copy of the photograph(s) showing Defendants using the POW Copyright is attached hereto as **Exhibit 3-C**.

26. Upon information and belief, Defendants produced, reproduced, prepared derivative works, distributed, and publicly displayed Plaintiff's protected works or derivatives of Plaintiff's protected works without its consent, authorization, or compensation. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Plaintiff's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its copyrighted work.

27. Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted works. Defendants failed to supervise persons within their control to prevent infringement, and they did so with the intent to further their financial interest in the infringement of Plaintiff's copyrighted works. Accordingly, Defendants have directly, contributorily, and vicariously infringed Plaintiff's copyrighted works.

28. Upon information and belief, Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Plaintiff's rights.

29. Defendants' conduct also caused irreparable and incalculable harm and injuries to Plaintiff, and, unless enjoined, will cause further irreparable and incalculable injury, for which Plaintiff has no adequate remedy at law.

30. Plaintiff is entitled to the relief provided by 17 U.S.C. §§ 502-505, including but not limited to injunctive relief, an order for impounding and destruction of all of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and attorneys' fees in amounts to be determined at trial.

///

///

## SECOND CAUSE OF ACTION
Copyright Infringement – 17 U.S.C. §§ 501, *et seq*.
**(SAVAGE PATCH Copyright)**
(Direct, Contributory, Vicarious)
(Against All Defendants)

31. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

32. Plaintiff is the sole and rightful owner of the 2-D artwork and copyright registration, effective as early as May 1, 2023, United States Copyright Registration No. VA 2-350-438 ("**SAVAGE PATCH Copyright**"). A true and correct copy of the SAVAGE PATCH Copyright registration and image is attached hereto as **Exhibits 4-A and 4-B**.

33. Without Plaintiff's knowledge, permission, or authorization, Defendants sold cannabis products using the SAVAGE PATCH Copyright. A true and correct copy of photograph(s) showing Defendants using the SAVAGE PATCH Copyright is attached hereto as **Exhibit 4-C**.

34. Upon information and belief, Defendants produced, reproduced, prepared derivative works, distributed, and publicly displayed Plaintiff's protected works or derivatives of Plaintiff's protected works without its consent, authorization, or compensation. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Plaintiff's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its copyrighted work.

35. Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted works. Defendants failed to supervise persons within their control to prevent infringement, and they did so with the intent to further their financial interest in the infringement of Plaintiff's

copyrighted works. Accordingly, Defendants have directly, contributorily, and vicariously infringed Plaintiff's copyrighted works.

36. Upon information and belief, Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Plaintiff's rights.

37. Defendants' conduct also has caused irreparable and incalculable harm and injuries to Plaintiff, and, unless enjoined, will cause further irreparable and incalculable injury, for which Plaintiff has no adequate remedy at law.

38. Plaintiff is entitled to the relief provided by 17 U.S.C. §§ 502-505, including but not limited to injunctive relief, an order for impounding and destruction of all of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and attorneys' fees in amounts to be determined at trial.

### THIRD CAUSE OF ACTION
Copyright Infringement – 17 U.S.C. §§ 501, *et seq*.
**(WHAM! Copyright)**
(Direct, Contributory, Vicarious)
(Against All Defendants)

39. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs..

40. Plaintiff is the sole and rightful owner of the 2-D artwork and copyright registration, effective as early as May 23, 2023, United States Copyright Registration No. VA 2-350-456 ("**WHAM! Copyright**"). A true and correct copy of the WHAM! Copyright registration and image is attached hereto as **Exhibits 5-A and 5-B**.

41. Without Plaintiff's knowledge, permission, or authorization, Defendants sold cannabis products using the WHAM! Copyright. A true and correct copy of photograph(s) showing Defendants using the WHAM! Copyright is attached hereto as **Exhibit 5-C**.

42. Upon information and belief, Defendants produced, reproduced, prepared derivative works, distributed, and publicly displayed Plaintiff's protected works or derivatives of Plaintiff's protected works without its consent, authorization, or compensation. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Plaintiff's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its copyrighted work.

43. Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted works. Defendants failed to supervise persons within their control to prevent infringement, and they did so with the intent to further their financial interest in the infringement of Plaintiff's copyrighted works. Accordingly, Defendants have directly, contributorily, and vicariously infringed Plaintiff's copyrighted works.

44. Upon information and belief, Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Plaintiff's rights.

45. Defendants' conduct also has caused irreparable and incalculable harm and injuries to Plaintiff, and, unless enjoined, will cause further irreparable and incalculable injury, for which Plaintiff has no adequate remedy at law.

46. Plaintiff is entitled to the relief provided by 17 U.S.C. §§ 502-505, including but not limited to injunctive relief, an order for impounding and destruction of all of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and attorneys' fees in amounts to be determined at trial.

///

///

# FOURTH CAUSE OF ACTION
Copyright Infringement – 17 U.S.C. §§ 501, *et seq*.
**(WHOA! Copyright)**
(Direct, Contributory, Vicarious)
(Against All Defendants)

47. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

48. Plaintiff is the sole and rightful owner of the 2-D artwork and copyright registration, effective as early as May 1, 2023, United States Copyright Registration No. VA 2-350-455 ("**WHOA! Copyright**"). A true and correct copy of the POW Copyright registration and image is attached hereto as **Exhibits 6-A and 6-B**.

49. Without Plaintiff's knowledge, permission, or authorization, Defendants sold cannabis products using the WHOA! Copyright.

50. Upon information and belief, Defendants produced, reproduced, prepared derivative works, distributed, and publicly displayed Plaintiff's protected works or derivatives of Plaintiff's protected works without its consent, authorization, or compensation. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Plaintiff's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its copyrighted work.

51. Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted works. Defendants failed to supervise persons within their control to prevent infringement, and they did so with the intent to further their financial interest in the infringement of Plaintiff's copyrighted works. Accordingly, Defendants have directly, contributorily, and vicariously infringed Plaintiff's copyrighted works.

52. Upon information and belief, Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Plaintiff's rights.

53. Defendants' conduct also has caused irreparable and incalculable harm and injuries to Plaintiff, and, unless enjoined, will cause further irreparable and incalculable injury, for which Plaintiff has no adequate remedy at law.

54. Plaintiff is entitled to the relief provided by 17 U.S.C. §§ 502-505, including but not limited to injunctive relief, an order for impounding and destruction of all of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and attorneys' fees in amounts to be determined at trial.

## FIFTH CAUSE OF ACTION
Copyright Infringement – 17 U.S.C. §§ 501, *et seq*.
**(GOON BERRIES Copyright)**
(Direct, Contributory, Vicarious)
(Against All Defendants)

55. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

56. Plaintiff is the sole and rightful owner of the 2-D artwork and copyright registration, effective as early as May 1, 2023, United States Copyright Registration No. VA 2-350-434 ("**GOON BERRIES Copyright**"). A true and correct copy of the GOON BERRIES Copyright registration and image is attached hereto as **Exhibits 7-A and 7-B**.

57. Without Plaintiff's knowledge, permission, or authorization, Defendants sold cannabis products using the GOON BERRIES Copyright.

58. Upon information and belief, Defendants produced, reproduced, prepared derivative works, distributed, and publicly displayed Plaintiff's protected works or derivatives of Plaintiff's protected works without its consent, authorization, or compensation. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Plaintiff's exclusive rights to

produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its copyrighted work.

59. Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted works. Defendants failed to supervise persons within their control to prevent infringement, and they did so with the intent to further their financial interest in the infringement of Plaintiff's copyrighted works. Accordingly, Defendants have directly, contributorily, and vicariously infringed Plaintiff's copyrighted works.

60. Upon information and belief, Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Plaintiff's rights.

61. Defendants' conduct also has caused irreparable and incalculable harm and injuries to Plaintiff, and, unless enjoined, will cause further irreparable and incalculable injury, for which Plaintiff has no adequate remedy at law.

62. Plaintiff is entitled to the relief provided by 17 U.S.C. §§ 502-505, including but not limited to injunctive relief, an order for impounding and destruction of all of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and attorneys' fees in amounts to be determined at trial.

### SIXTH CAUSE OF ACTION
Copyright Infringement – 17 U.S.C. §§ 501, *et seq*.
**(THREAT !!! Copyright)**
(Direct, Contributory, Vicarious)
(Against All Defendants)

63. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

64. Plaintiff is the sole and rightful owner of the 2-D artwork and copyright, United States Copyright Case No. VA 2-350-434 ("**THREAT !!! Copyright**"). A

true and correct copy of the THREAT !!! Copyright application receipt and image are attached hereto as **Exhibits 8-A and 8-B**.

65. Without Plaintiff's knowledge, permission, or authorization, Defendants sold cannabis products using the THREAT !!! Copyright. A true and correct copy of photograph(s) showing Defendants using the THREAT !!! Copyright is attached hereto as **Exhibit 8-C**.

66. Upon information and belief, Defendants produced, reproduced, prepared derivative works, distributed, and publicly displayed Plaintiff's protected works or derivatives of Plaintiff's protected works without its consent, authorization, or compensation. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Plaintiff's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its copyrighted work.

67. Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted works. Defendants failed to supervise persons within their control to prevent infringement, and they did so with the intent to further their financial interest in the infringement of Plaintiff's copyrighted works. Accordingly, Defendants have directly, contributorily, and vicariously infringed Plaintiff's copyrighted works.

68. Upon information and belief, Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Plaintiff's rights.

69. Defendants' conduct also has caused irreparable and incalculable harm and injuries to Plaintiff, and, unless enjoined, will cause further irreparable and incalculable injury, for which Plaintiff has no adequate remedy at law.

70. Plaintiff is entitled to the relief provided by 17 U.S.C. §§ 502-505, including but not limited to injunctive relief, an order for impounding and

destruction of all of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and attorneys' fees in amounts to be determined at trial.

## SEVENTH CAUSE OF ACTION
Trademark Infringement Business and Professions Code §14245
**(WHAM! Trademark)**
(Against All Defendants)

71. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

72. On January 1, 2023, Plaintiff obtained a California trademark ("**WHAM! Trademark**") in the International Class 34 for goods, including for dried cannabis flower for smoking purposes; Cannabis pre-rolls for smoking purposes; Concentrates, namely, herbal smoking and oral smoking vaporizers. A true and correct copy of the WHAM! Trademark registration is attached hereto as **Exhibit 9**.

73. Without Plaintiff's knowledge, permission, or authorization, Defendants sold cannabis products using the WHAM! Trademark. Examples of Defendants' infringing use of the WHAM! Trademark are found in Exhibit 5-C.

74. The sale of the WHAM! cannabis products by the Defendants is not just confusingly similar, but identical to Plaintiff THC's registered WHAM! Trademark.

75. Defendants' sale and/or offer to sale the cannabis products under the "WHAM!" is likely to cause confusion, deception, and mistake by creating false and misleading impression that Defendants' goods are manufactured or distributed by THC or are associated or connected with THC or have the sponsorship, endorsement, or approval of THC.

76. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the

public. In addition, Defendants' misconduct will injure THC's goodwill and reputation embodied in the WHAM! Trademark.

77. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade in the goodwill associated with THC's registered mark and cause irreparable harm.

78. Defendants have caused, and are likely to continue cause, substantial injury to the public and to the Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees by law.

## **PRAYER FOR RELIEF**

A. For a preliminary and permanent injunction prohibiting Defendants from infringing on Plaintiff's copyrights and trademarks.

B. For an order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from:

I. infringing, or contributing to or participating in the infringement by others the copyright in the acting in concert with, aiding and abetting others to infringe said copyright in any way; and

II. copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the Photograph to which Plaintiff is owner of exclusive rights under the respective copyrights or derivative works based thereon.

C. For an award of actual damages pursuant to 17 U.S.C. § 504, according to proof at trial. This includes but is not limited to the actual damages Plaintiff suffered as a result of Defendants' copyright infringements. This also includes but is not limited to disgorgement of Defendants' profits as a result of Defendants' copyright infringements.

D.    For an award of statutory damages in lieu of actual damages pursuant to 17 U.S.C. § 504 (at the election of Plaintiff). This includes but is not limited to $150,000 per copyright willfully infringed by Defendants, plus attorney's fees, constituting over $2,700,000.00 (3 defendants x 6 infringements x $150,000.00).

E.    For an award of costs under 17 U.S.C. § 505, or as otherwise provided by law, in an amount to be determined at trial.

F.    For an award of attorney's fees pursuant to 17 U.S.C. § 505.

G.    For an award of relief against Defendants jointly and severally.

H.    For all other relief this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues so triable.

DATED: February 5, 2024        **ENSO LAW, L.L.P.**

*/s/ David R. Welch*
David R. Welch, Esq.
Attorneys for Plaintiff