O

# United States District Court
# Central District of California

| | |
|---|---|
| THE HOLDING COMPANY LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>PACIFIC WEST DISTRIBUTORS et al.,<br><br>                    Defendants. | Case № 2:24-cv-00986-ODW (JDEx)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [25]** |

## I.     INTRODUCTION

Plaintiff The Holding Company LLC ("Holding") moves for entry of default judgment against Defendants Pacific West Distributors, Stephen Scott Brown, and Herbal Solutions, LLC ("Defendants"), on Holding's Complaint for federal copyright infringement and California trademark infringement.  (Mot. Default J. ("Motion" or "Mot."), ECF No. 25.)  For the reasons that follow, the Court **GRANTS IN PART** Holding's Motion.

## II. BACKGROUND

Over the past three years, Holding developed various intellectual properties to promote a lifestyle brand. (Compl. ¶¶ 2, 15, ECF No. 1.) Holding registered at least six of them as copyrights and trademarks with the United States Copyright Office and California Secretary of State: (1) **POW** (2D artwork), U.S. Copyright Registration No. VA 2-350-434, (Compl. ¶ 24, Ex. 3-A); (2) **SAVAGE PATCH** (2D artwork), U.S. Copyright Registration No. VA 2-350-438, (Compl. ¶ 32, Ex. 4-A); (3) **WHAM!** (2D artwork), U.S. Copyright Registration No. VA 2-350-456, (Compl. ¶ 40, Ex. 5-A); California trademark, International Class 34 for goods, (Compl. ¶ 72, Ex. 9); (4) **WHOA!** (2D artwork), U.S. Copyright Registration No. VA 2-350-455, (Compl. ¶ 48, Ex. 6-A); (5) **GOON BERRIES** (2D artwork), U.S. Copyright Registration No. VA 2-350-036, (Compl. ¶ 56, Ex. 7-A); and (6) **THREAT!!!** (2D artwork), U.S. Copyright Registration No. Pending, (Compl. ¶ 64, Ex. 8-A).

Defendants collaboratively operate a cannabis business under the tradename "Jokes Up Ice Kream," with an ostensible focus on sales in California. (Compl. ¶ 16.) At some point, Holding and Defendants discussed the possibility of Holding licensing its copyrights and trademark to Defendants, but the parties were unable to reach an agreement. (*Id.* ¶ 17.) Sometime after the failed negotiations, Holding discovered that Defendants were selling cannabis products using Holding's copyrights and trademark without Holding's permission. (*Id.* ¶¶ 3, 18.) On May 17, 2023, and June 9, 2023, Holding sent Defendants two cease and desist letters informing Defendants of their infringement and demanding that Defendants stop. (*Id.* ¶¶ 19–20, Exs. 1–2.) Holding received no response. (*Id.* ¶ 20.) Defendants continued selling their infringing products and began asserting ownership of Holding's copyrights and trademark. (*Id.* ¶¶ 20–21.)

Holding brings this action to stop Defendants' infringement. (*Id.* ¶ 4.) It asserts seven causes of action, six for federal copyright infringement and one for California trademark infringement, and seeks a permanent injunction, damages, and attorneys' fees. (*Id.* ¶¶ 23–78, Prayer for Relief.) Despite acknowledging the lawsuit through

counsel, Defendants failed to properly appear and the Clerk entered their default. (*See* Decl. Seungjai Oh ISO Mot. ("Oh Decl.") ¶¶ 2–3, ECF No. 25-1; Proof Service, ECF Nos. 10–12; Default, ECF No. 18.) Two weeks later, on March 25, 2024, Defendants attempted to filed Answers; however, a defaulted defendant may not appear unless default is set aside and the Court struck Defendants' impermissible filings. (Mins. Default, ECF No. 23.) At no time have Defendants sought to set aside the defaults.

Holding now moves for entry of default judgment against Defendants. (Mot. 1.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). However, before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements in Rule 54(c) and 55, and Central District Civil Local Rules 55-1 and 55-2. Even if these procedural requirements are satisfied, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Instead, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Generally, after the Clerk enters a default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the plaintiff's complaint "will be taken as true" except those pertaining to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The court need not make detailed findings of fact in the event of default, except as to damages. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

## IV. DISCUSSION

Holding satisfies the procedural requirements for default judgment and establishes that entry of default judgment against Defendants is substantively

appropriate on four of its seven causes of action. However, the Court finds that only some of Holding's requested relief is warranted.

### A. PROCEDURAL REQUIREMENTS

Local Rule 55-1 requires that the movant establish: (1) when and against which party default was entered; (2) the pleading as to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). In turn, Rule 55(b)(2) requires written notice on the defaulting party if that party "has appeared personally or by a representative."

Holding meets these requirements. On March 13, 2024, the Clerk entered default against Defendants as to Holding's Complaint. (*See* Default.) Holding asserts that Defendants are not minors or incompetent persons, and the Servicemembers Civil Relief Act does not apply. (Mot. 8.) Finally, Holding served Defendants with written notice of the Motion, per Rule 55(b)(2). (Proof Service Mot., ECF No. 26.) Thus, Holding satisfies the procedural requirements for entry of default judgment.

### B. *EITEL* FACTORS

In evaluating whether entry of default judgment is warranted, courts consider the "*Eitel* factors": (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a material factual dispute; (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted). Accordingly, the Court considers these two factors first.

*1.     Second & Third Eitel Factors*

The second and third *Eitel* factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (alteration in original). Although well-pleaded allegations are taken as true, "claims which are legally insufficient[] are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiff raises seven causes of action, six for federal copyright infringement under 17 U.S.C. § 501, and one for California trademark infringement under California Business and Professions Code section 14245. (Compl. ¶¶ 23–78.) The Court finds that Holding successfully pleads four of its seven causes of action.

<u>Copyright Infringement, 17 U.S.C. § 501</u>

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)). As for the first element, ownership, a certificate of registration from the Copyright Office constitutes "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *Apple Comput., Inc. v. Microsoft Corp.*, 759 F. Supp. 1444, 1453 (N.D. Cal.), *on reconsideration*, 779 F. Supp. 133 (N.D. Cal. 1991), *and aff'd*, 35 F.3d 1435 (9th Cir. 1994) (quoting 17 U.S.C. § 410(c)).

Here, Holding alleges ownership and submits certificates of registration for its **POW**, **SAVAGE PATCH**, **WHAM!**, **WHOA!**, and **GOON BERRIES** copyrights, which identify Holding as the copyright owner. (*See* Compl. ¶¶ 24, 32, 40, 48, 56, Exs. 3-A, 4-A, 5-A, 6-A, 7-A.) Holding alleges it registered its **THREAT!!!** copyright with the Copyright Office. (Compl. ¶ 64.) However, instead of a certificate of registration, Holding submits an email auto reply from the Copyright Office confirming that it received Holding's application for registration. (*Id.* Ex. 8-A.) This evidence contradicts Holding's allegation that it has registered the **THREAT!!!** copyright, and

Holding concedes in its Motion that "the **THREAT!!!** Copyright is currently not registered." (Mot. 6 (emphasis added).) Accordingly, the Court finds Holding satisfies the first element—ownership—for **POW**, **SAVAGE PATCH**, **WHAM!**, **WHOA!**, and **GOON BERRIES**, but not for **THREAT!!!**.

Next, a plaintiff must show "copying" of a protected work to prove copyright infringement. *Unicolors*, 853 F.3d at 984. Copying may be established by direct evidence or "circumstantial evidence of access and substantial similarity of ideas and the expression between the copyrighted work and the alleged infringing work." *Apple Comput.*, 759 F. Supp. at 1453 (citing *Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d 204, 206 (9th Cir. 1988)).

Holding alleges that Defendants sold cannabis products using the **POW**, **SAVAGE PATCH**, **WHAM!**, **WHOA!**, and **GOON BERRIES** copyrights, without Holding's knowledge, permission, or authorization. (Compl. ¶¶ 25, 33, 41, 49, 57.) It supports these allegations with images of Defendants' infringing use of the **POW**, **SAVAGE PATCH**, **WHAM!**, and **GOON BERRIES** copyrights. (*See id.* Exs. 3-C, 4-C, 5-C; Oh Decl. Exs. C-1 to C-3, D-2 to D-5, and E-1 to E-5, ECF No. 25-1.) This evidence constitutes direct evidence of Defendants' copying for these four copyrights. However, the Court finds lacking Holding's claim that Defendants copied the **WHOA!** copyright. Holding's allegation that Defendants have infringed and are infringing Holding's **WHOA!** Copyright is conclusory and not well-pleaded, and Holding does not support the allegation in any of its myriad exhibits. Accordingly, the Court finds that Holding satisfies the second element—copying—for **POW**, **SAVAGE PATCH**, **WHAM!**, and **GOON BERRIES**, but not for **WHOA!**.

Therefore, Holding states a claim on which it may recover against Defendants for federal copyright infringement of Holding's **POW**, **SAVAGE PATCH**, **WHAM!**, and **GOON BERRIES** copyrights—i.e., Holding's first, second, third, and fifth causes of action. In contrast, Holding fails to state a claim for federal copyright infringement of **THREAT!!!** or **WHOA!**—i.e., Holding's fourth and sixth causes of action.

California Trademark Infringement, Cal. Bus. & Prof. Code § 14245.

In its seventh cause of action, Holding alleges that Defendants are infringing Holding's **WHAM!** California trademark. (Compl. ¶¶ 71–78.)

"As a general matter, trademark claims under California law are 'substantially congruent' with federal claims and thus lend themselves to the same analysis." *Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1100 (9th Cir. 2004). Thus, to succeed on its claim for California trademark infringement, Holding must sufficiently allege "(1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers." *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1128 (C.D. Cal. 2023) (quoting *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006)). "The Ninth Circuit employs an eight-factor test . . . to determine the likelihood of confusion." *See Playboy Enters. Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1026 (9th Cir. 2004) (listing the eight "*Sleekcraft*" factors) (citing *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003)).

Holding establishes the first element—ownership—as it alleges that it registered the **WHAM!** trademark with the California Secretary of State and submits a Registration of Trademark certificate. (*See* Compl. ¶ 72, Ex. 9, ECF No. 1-19); *see Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) (finding that federal registration of the mark constituted prima facie evidence of ownership); *Cole of Cal. v. Grayson Shops*, 72 Cal. App. 2d 772, 777 (1946) (finding registration with California Secretary of State constituted prima facie evidence of ownership).

In contrast, Holding does not establish the second element—likelihood of confusion. Holding pleads that Defendants use of the **WHAM!** trademark "is not just confusingly similar, but identical to" Holding's mark, and is "likely to cause confusion, deception, and mistake" by making consumers think Defendants' goods are associated

with and have the approval of Holding. (Compl. ¶¶ 74–75.) Holding does not engage with the *Sleekcraft* factors or otherwise support its conclusory allegations of likely confusion, and the evidence it submits does not reflect "identical" marks. (*See* Mot. 4–5, 10; Compl. Ex. 5-B; Oh Decl. Exs. C-2, C-3, D-2, D-4, D-5, E-1, E-3 to E-5.) While the Court accepts as true Holding's well-pleaded allegations upon entry of default, it need not accept unsupported conclusory claims.

Therefore, Holding fails to state a claim for California trademark infringement of Holding's **WHAM!** trademark—i.e., Holding's seventh cause of action.

In sum, Holding states claims for federal copyright infringement on its first (**POW**), second (**SAVAGE PATCH**), third (**WHAM!**—federal copyright), and fifth (**GOON BERRIES**) causes of action, and therefore the second and third *Eitel* factors weigh in favor of entering default judgment on these claims.

2. *Remaining Eitel Factors*

On balance, the remaining *Eitel* factors also weigh in favor of entering default judgment against Defendants on these four claims. To begin, the first and fourth *Eitel* factors—possibility of prejudice and sum of money at stake—favor default judgment. Holding would suffer prejudice absent entry of default judgment because it would have no recourse against Defendants' continuing infringement, and no remedy for the injuries sustained from Defendants' misconduct. Further, as discussed below in the damages analysis, the sum of money Holding seeks is expressly authorized by statute.

The fifth and sixth factors—possibility of dispute and excusable neglect—also weigh in favor of default judgment. Holding's well-pleaded allegations are accepted as true on default, and Defendants may not now "challenge the accuracy of the allegations in the complaint." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010). Holding supports the four claims with ample evidence and the Court's review of the record reveals "no factual disputes . . . that preclude the entry of default judgment." *Id.* Further, in March 2024, counsel claiming to represent Defendants acknowledged the Summons and Complaint and requested an extension of

time to respond. (Oh Decl. ¶ 2.) Holding agreed but Defendants never provided the requested stipulation to extend the deadline. (*Id.* ¶ 3.) And although Defendants attempted to file answers, they have not sought to set aside the defaults entered against them in the intervening five months. Accordingly, nothing in the record suggests Defendants' failure to appear is a result of excusable neglect.

Finally, the seventh factor—policy favoring decisions on the merits—always weighs in a defaulting defendant's favor. However, because Defendants' failure to appear in this action prevents the Court from reaching a decision on the merits, this factor does not prevent the Court from entering judgment by default. *See Duralar Techs. LLC v. Plasma Coating Techs., Inc.*, 848 F. App'x 252, 255 (9th Cir. 2021) (affirming entry of default judgment where all factors except the seventh weighed in the plaintiff's favor).

In sum, the *Eitel* factors weigh in favor of entering default judgment against Defendants on Holding's claims for federal copyright infringement on its first (**POW**), second (**SAVAGE PATCH**), third (**WHAM!**), and fifth (**GOON BERRIES**) causes of action.

**C.   REQUESTED RELIEF**

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, with respect to the four causes of action in issue, Holding seeks injunctive relief, statutory damages, and attorneys' fees and costs. (Mot. 11–13, 15–17.) The relief Holding seeks is consistent with the relief requested in the Complaint, and is therefore permissible. (Compl. ¶¶ 30, 38, 46, 62.) However, for the following reasons, the Court awards Holding some, but not all, of the relief it requests.

   *1.   Permanent Injunction*

Holding requests that the Court permanently enjoin Defendants' ongoing copyright infringement. (Mot. 17; Compl., Prayer for Relief ¶¶ A, B.)

The Copyright Act authorizes a court to grant temporary and final injunctions to "prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Comput.*, 991 F.2d 511, 520 (9th Cir. 1993).

As a result of Defendants' default, liability has been established as to Holding's claims for federal copyright infringement on its first (**POW**), second (**SAVAGE PATCH**), third (**WHAM!**), and fifth (**GOON BERRIES**) causes of action. Moreover, Holding sent Defendants two cease and desist letters, yet Defendants continue to infringe Holding's marks. (*See* Compl. Exs. 1–2; Oh Decl. ¶ 4.) Thus, the threat of continuing violations persists and a permanent injunction is warranted.

    *2.    Statutory Damages*

The Copyright Act allows for statutory damages in a sum not less than $750 or more than $30,000 for all infringements with respect to any one work. 17 U.S.C. § 504(c)(1). Furthermore, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Warner Bros. Ent. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (quoting *Harris v. Emus Recs. Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)). "In measuring the damages, the court is to be guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like . . . .'" *Id.* at 1073–74 (alteration in original) (quoting *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990)).

Holding seeks the maximum amount of $150,000 in statutory damages for each copyrighted work Defendants have willfully infringed. (Mot. 15; Compl., Prayer for Relief ¶ D.) Although Holding's allegations of willful infringement are conclusory,

Holding supports those allegations with evidence establishing that Defendants' infringing conduct was knowing and willful. For instance, Defendants attempted, unsuccessfully, to license Holdings' copyrights; this evidences Defendants' awareness that a license was needed to use Holding's copyrights. Moreover, despite receiving two cease and desist letters, Defendants persist in infringing Holding's copyrights. Thus, Holding establishes that Defendants' infringing conduct was and continues to be willful and an enhanced award of statutory damages is available.

However, the maximum $150,000 in statutory damages is excessive in the circumstances of this case. *See Peer Int'l Corp.*, 909 F.2d at 1336 (considering "what is just in the particular case"). Therefore, factoring in the willfulness and commercial character of Defendants' conduct and the voluminous evidence Holding submits of Defendants' infringement, the Court concludes that an award of $10,000 per copyright sufficiently compensates Holding, while also demonstrating to Defendants "that it costs less to obey the Copyright Act than to violate it." *Odnil Music Ltd. v. Katharsis LLC*, No. CIV S-05-0545 WBS JFM, 2006 WL 2545869, at *7 (E.D. Cal. July 21, 2006); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1554 (9th Cir. 1989), *cert. denied*, 494 U.S. 1017 (1990) ("Statutory damages are available in order to effectuate two purposes underlying the remedial provisions of the Copyright Act: to provide adequate compensation to the copyright holder and to deter infringement.").

Accordingly, the Court awards $10,000 per copyright for Defendants' willful infringement of Holding's **POW**, **SAVAGE PATCH**, **WHAM!**, and **GOON BERRIES** copyrights, for a total of **$40,000** in statutory damages, jointly and severally against Defendants. (*See* Compl. ¶ 12 (alleging a unity of ownership and interest among Defendants supporting joint and several liability).)

3.  *Attorneys' Fees & Costs*

Finally, Holding seeks its costs and attorneys' fees. (Mot. 16–17; Compl., Prayer for Relief ¶¶ E–F.)

A plaintiff that establishes a defendant's copyright infringement is entitled to recover legal costs and attorneys' fees. 17 U.S.C. § 505. The Ninth Circuit has identified five non-exclusive factors that a court may consider in deciding whether to award attorneys' fees pursuant to § 505: "the degree of success obtained; frivolousness; motivation; objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence." *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996).

The factors favor awarding attorneys' fees and costs in this case. The foregoing analysis indicates that Holding was successful on the merits and that its copyright infringement claims for **POW**, **SAVAGE PATCH**, **WHAM!**, and **GOON BERRIES** were not frivolous. The Court also finds that an award of attorneys' fees against Defendants, jointly and severally, serves as a further reminder against engaging in willful misconduct. *See id.* (noting that in considering attorneys' fees under § 505, a district court should "seek to promote the Copyright Act's objectives"). Accordingly, the Court awards Holding **$3,000** in attorneys' fees, pursuant to the fee schedule in Local Rule 55-3. *See* C.D. Cal. L.R. 55-3 (awarding "$1,200 plus 6% of the amount over $10,000," for an amount of judgment falling between $10,000.01 and $50,000). To the extent Holding also seeks its legal costs, Holding shall timely apply to the Clerk to tax costs pursuant to Local Rule 54-2.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Holding's Motion for Entry of Default Judgment against Defendants for federal copyright infringement on Holding's first (**POW**), second (**SAVAGE PATCH**), third (**WHAM!**), and fifth (**GOON BERRIES**) causes of action. (ECF No. 25.) The Court **AWARDS** Plaintiff **$40,000** in statutory damages and **$3,000** in attorneys' fees, jointly and severally against Defendants.

The Court **PERMANENTLY ENJOINS** Defendants, their officers, agents, servants, employees, attorneys, affiliated individuals with access and control of

websites www.icekreamshop.org, affiliated individuals with access and control of Instagram handle @icekreamshop and @crankdatac, affiliated individuals with access and control of TikTok handle @jokesupicekream, affiliated individuals with access and control of the Ice Kream cannabis dispensary located at 11376 Ventura Blvd., Studio City, CA 91604, and any other persons acting in active concert or participating with any of those listed, or otherwise owned by or controlled by them, are hereby **ENJOINED** from any of the following acts with respect to Holding's **POW**, **SAVAGE PATCH**, **WHAM!**, and **GOON BERRIES** copyrights:

    a. Advertising, marketing, promoting, selling, offering for sale, or authorizing any third party to advertise, market, promote, sell or offer for sale any goods or services bearing or containing Holding's **POW**, **SAVAGE PATCH**, **WHAM!**, and **GOON BERRIES** copyrights;

    b. Engaging in any activity that infringes Holding's rights in its **POW**, **SAVAGE PATCH**, **WHAM!**, and **GOON BERRIES** copyrights;

    c. Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that the products or services promoted, offered, or sponsored by Defendants are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Holding or that Holding's products and services are in any manner approved, endorsed, licensed, sponsored, authorized, franchised by, associated, affiliated, or otherwise connected with Defendants;

    d. Registering or applying to register any trademark, service mark, copyright, domain name, trade name, or other source identifier, design, visual work, photograph, or symbol of origin consisting of or incorporating Holding's **POW**, **SAVAGE PATCH**, **WHAM!**, and **GOON BERRIES** copyrights, or any other mark or copyright that infringes or is likely to be confused with these copyrights or Holding's products; and

    e. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs, or effecting

any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoid the prohibitions set forth in the above subparagraphs.

To the extent Holding seeks additional injunctive relief, (*see, e.g.*, Proposed Default J., ECF No. 25-2), the Court finds that Holding fails to establish additional injunction terms are appropriate. The Court therefore **DENIES** any further injunctive relief.

**IT IS SO ORDERED.**

August 15, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**